JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

BRIAN GEORGE DAVIS,

      Petitioner,

    v.

TODD LYONS, et al.,

      Respondents.

Case No. 5:26-cv-01944-ACCV

**JUDGMENT**

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 19, 2026. (Dkt. No. 1.) That same day, Petitioner filed a Motion for Temporary Restraining Order ("TRO Application"). (Dkt. No. 3.) Petitioner also consented to have a Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 5.)

On April 21, 2026, the Court found that the TRO Application focused on the generalized harm from detention and did not identify with sufficient detail any specific individualized exigency as the General Order requires. (Dkt. No. 9.) The Court ordered that the briefing schedule for the TRO Application should follow the briefing schedule for the Petition. (*Id*.) On April 27, 2026, Respondents filed responses to the Petition and TRO Application. (Dkt. Nos. 11 and 12, respectively.) In the response to the TRO Application, Respondents stated, "Respondents are not presenting an

opposition argument at this time." (Dkt. No. 12 at 2.) In the response to the Petition, Respondents stated, "Respondents are not presenting an opposition argument at this time." (Dkt. No. 11 at 2.) Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition and DENIES the TRO Application as MOOT.

Petitioner is a citizen of Jamaica. (Dkt. No. 3 at 9.) Petitioner entered the United States without inspection on or about October 10, 2024. (*Id.*) Upon encountering immigration authorities near the southern border, Petitioner expressed a fear of persecution and requested asylum protection. (*Id.* at 10.) Petitioner underwent a credible fear interview and received a positive credible fear determination. (*Id.*) Immigration officials then placed Petitioner in removal proceedings under 8 U.S.C. § 1229a. (*Id.* at 10.) Petitioner was also placed under Immigration and Customs Enforcement's ("ICE") supervision. (Dkt. 3-1 at 3.). For a year, Petitioner lived in the community and complied with all of his conditions of release. (*Id.*) Petitioner has no criminal history in the United States or in any other country. (*Id.*)

On September 27, 2025, Petitioner went to a check-in at an ICE facility. (Dkt. 3-1 at 4.) ICE then took Petitioner into custody. (*Id.*) The re-detainment occurred without any changes in circumstances, or a warrant, notice, or hearing. (*Id.*) Petitioner has remained at the Adelanto ICE Processing Center since September 27, 2025. (*Id.*) His removal proceedings remain pending before the Immigration Court in Adelanto, California. (Dkt. No. 3 at 10.)

Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights. (Dkt. No. 1 at 7.) The Petition seeks relief, *inter alia*, in the form of Petitioner's immediate release. (*Id.*)

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28

2

U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately.  (Dkt. No. 1 at 7-8.)  As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released on parole during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (see C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition.  (*See id.*)

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.  Additionally, Petitioner's TRO Application is DENIED as MOOT.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED:  May 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge